IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02932-BNB

CHRISTOPHER DEGRANGE,

    Applicant,

v.

RENE GARCIA, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Christopher DeGrange, is a prisoner in the custody of the United States Bureau of Prisons (BOP) incarcerated at the Federal Correctional Institution in Littleton, Colorado. Mr. DeGrange filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4). He also filed a motion to proceed *in forma pauperis* (ECF No. 7), but it was not on the Court-approved form.

On January 15, 2014, Magistrate Judge Boyd N. Boland ordered Mr. DeGrange to show cause within thirty days why the habeas corpus application should not be denied because he had an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Pennsylvania (Eastern District of Pennsylvania), the sentencing court. The January 15 order also denied Mr. DeGrange's request to be granted *in forma pauperis* status in this Court based upon his grant of leave to proceed *in forma pauperis* in the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit (Third Circuit). The order

directed the clerk of the Court to mail to Mr. DeGrange, together with a copy of the January 15 order, a copy of the Court-approved form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. Mr. DeGrange was directed to complete and return the § 1915 motion to this Court.

On January 28, 2014, Mr. DeGrange submitted on the Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 10). He failed to respond to the order to show cause.

The Court must construe the habeas corpus application liberally because Mr. DeGrange is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See, e.g.*, *Wolf v. Suthers*, No. 13-cv-00234-BNB (D. Colo. filed Jan. 30, 2013); *see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). For the reasons stated below, the application will be denied.

Mr. DeGrange was convicted pursuant to a guilty plea in *United States v. DeGrange*, Criminal Action No. 10-cr-00315-MMB-1, in the Eastern District of Pennsylvania on charges of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). He was sentenced to 188 months of incarceration in the BOP and 20 years of supervised release. The judgment was entered on the docket on December 28, 2010. Although Mr. Grange filed a notice of appeal on December 30, 2010, he does not appear to have appealed from the judgment directly to the Third Circuit.

On February 15, 2013, he filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" in the Eastern District of Pennsylvania, which was denied with prejudice on May 9, 2013. Mr. Grange appealed from the denial of the § 2255 motion to the Third Circuit, which denied his request for a certificate of appealability on August 7, 2013.

On October 25, 2013, Mr. DeGrange filed in this Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging his conviction and sentence.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Mr. DeGrange bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction

or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. DeGrange's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. DeGrange fails to demonstrate that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. The fact that Mr. DeGrange has sought and been denied relief pursuant to § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective, *see Bradshaw*, 86 F.3d at 166 (quoting *Williams*, 323 F.2d at 673 ("Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective.")). The fact that Mr. DeGrange likely is barred from raising his claim in a second or successive motion pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. Therefore, the § 2241 application will be denied because Mr. DeGrange has an adequate and effective remedy pursuant to § 2255 in the sentencing court.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. DeGrange files a notice of appeal he must also pay the full $505.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4) that Applicant, Christopher DeGrange, filed *pro se* on November 18, 2013, is denied and this action dismissed because Applicant has an adequate and effective remedy in the sentencing court.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED February 24, 2014, at Denver, Colorado.

              BY THE COURT:

                s/Lewis T. Babcock
              LEWIS T. BABCOCK, Senior Judge
              United States District Court