IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02932-BNB

CHRISTOPHER DEGRANGE,

    Applicant,

v.

RENE GARCIA, Warden,

    Respondent.

## ORDER DISMISSING CASE

Applicant, Christopher DeGrange, is a prisoner in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Littleton, Colorado. On March 26, 2014, Mr. DeGrange filed *pro se* a "Motion to Dismiss Without Prejudice" (ECF No. 15).

Prior to Mr. DeGrange's filing of the March 26 motion, the Court entered an order (ECF No. 14) on February 24, 2014, vacating its Order of Dismissal (ECF No. 12) and Judgment (ECF No. 13) because Mr. DeGrange had filed a motion for extension of time four days earlier to respond to the Order to Show Cause (ECF No. 8). The February 24 order allowed Mr. DeGrange thirty days to respond to the January 15 order and show cause why his habeas corpus application pursuant to 28 U.S.C. § 2241 should not be denied because he had an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Pennsylvania, the sentencing court.

On March 26, instead of complying with the January 21 and February 24 orders, Mr. DeGrange filed the "Motion to Dismiss Without Prejudice" (ECF No. 15).

The Court must construe liberally Mr. DeGrange's motion to dismiss because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be treated as a notice of voluntary dismissal.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. DeGrange "may dismiss an action without a court order by filing:  (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by the Respondent in this action. Pursuant to Fed. R. Civ. P. 41(a)(1)(B), the dismissal is without prejudice, unless otherwise stated. A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507.

Accordingly, it is

ORDERED that the instant action is dismissed without prejudice pursuant to the notice of voluntary dismissal titled "Motion to Dismiss Without Prejudice" (ECF No. 15) that Applicant, Christopher DeGrange, filed *pro se* on March 26, 2014. It is

FURTHER ORDERED that the voluntary dismissal is effective as of March 26, the date the notice of voluntary dismissal was filed in this action.

DATED at Denver, Colorado, this   28th   day of    March         , 2014.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court